IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SUSAN ELIZABETH SMITH, | ) | |
| Individually and as Personal | ) | |
| Representative of the Estate of | ) | |
| LEONARD SMITH, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-943 |
| | ) | |
| AMERICAN HONDA MOTOR CO., | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Defendant Honeywell International, Inc., is successor-in-interest to Bendix

Corporation, which sold brakes containing asbestos.  The plaintiff, Susan Smith, alleges

that her husband, the decedent Leonard Smith, was exposed to asbestos fibers from these

brakes, as a result of which he developed mesothelioma and passed away.  She asserts

causes of action for negligence, breach of implied warranty, fraud, failure to warn, and

wrongful death, and contends she is entitled to recover actual and punitive damages.

Honeywell concedes that there are genuine issues of material fact as to the negligence

and wrongful death causes of action, but moves for summary judgment on Ms. Smith's

remaining causes of action and on her claim for punitive damages.

Upon review of the record and after hearing from counsel, the Court concludes

that the evidence is sufficient to raise a genuine question of material fact as to the breach

of implied warranty and products liability claims. The Court further concludes that Ms. Smith's evidence is insufficient to support a finding of willful and wanton conduct and that the evidence does not give rise to a genuine question of material fact as to punitive damages. The plaintiff agreed at the hearing that there was insufficient evidence to support her fraud claim, as to which summary judgment will also be granted.

## I. Standard of Review

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating the absence of any material issue of fact; once the moving party meets its initial burden, the non-moving party must come forward with evidentiary material demonstrating the existence of a genuine issue of material fact requiring a trial. *Ruffin v. Shaw Indus., Inc.*, 149 F.3d 294, 300-01 (4th Cir. 1998) (per curiam) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). The parties agree that North Carolina law applies in this diversity case.

## II. Analysis

### A. Breach of Implied Warranty

Ms. Smith contends that Honeywell sold asbestos-containing brakes without adequate warnings and breached the implied warranty of merchantability.[1] For such

---

[1] Counsel for Ms. Smith made clear at the summary judgment hearing that her implied warranty of merchantability claim is based exclusively on an inadequate warning theory. *See*

claims, the first inquiry is whether the warnings provided sufficient notice of the danger so as to render the goods merchantable, and the second is whether the failure to warn was the proximate cause of the plaintiff's injuries. *See Bryant v. Adams*, 116 N.C. App. 448, 468-69, 448 S.E.2d 832, 843 (1994); *Reid v. Eckerds Drugs, Inc.*, 40 N.C. App. 476, 486-87, 253 S.E.2d 344, 350-51 (1979).

Here, the evidence, viewed in the light most favorable to the plaintiff, shows that Bendix included a warning on its brake packaging from 1973 to 1986 that breathing asbestos dust could cause serious bodily harm. (Doc. 182-6 at 14). The warnings did not, however, include the words asbestosis, lung cancer, or mesothelioma, (*id.*; Doc. 182-8 at 202-03), and there is a factual dispute as to whether the warning labels were prominently located. (*See* Docs. 182-8 at 122; 182-54; 182-55). Ms. Smith has thus made a sufficient forecast of evidence to reach a jury on the issue of whether Bendix's warnings were inadequate and rendered its brakes unmerchantable. *Ziglar v. E.I. Du Pont De Nemours & Co.*, 53 N.C. App. 147, 156-57, 280 S.E.2d 510, 516-17 (1981) (noting, in finding a disputed question of material fact, that the skull and crossbones symbols on the label were small: only 4/17 of an inch square); *Reid*, 40 N.C. App. at 483-84, 253 S.E.2d at 349-50 (denying summary judgment for defendant where warnings on aerosol deodorant mentioned the product's flammability generally, but did not warn of

---

N.C. Gen. Stat. § 25-2-314(2)(e). Counsel also agreed Ms. Smith was not pursuing a claim for breach of the implied warranty of fitness for a particular purpose.

the harm the plaintiff suffered—that the product could be flammable after applied to the body as directed).

Honeywell contends its warnings conformed to Occupational Safety and Health Administration labeling requirements in place at the time. (Doc. 164 at 10). However, compliance with federal standards is not conclusive evidence that the warnings were adequate. *Reid*, 40 N.C. App. at 483, 253 S.E.2d at 349; *Ziglar*, 53 N.C. App. at 155-56, 280 S.E.2d at 516; *Foyle v. Lederle Labs.*, 674 F. Supp. 530, 535 (E.D.N.C. 1987).

North Carolina courts typically hold that proximate cause is a question for the jury. *See Bryant*, 116 N.C. App. at 469, 448 S.E.2d at 843. A plaintiff's "deposition testimony to the effect that he would have heeded any warnings and safety recommendations had they been adequately provided raises a question of fact as to whether [the plaintiff's] injuries were proximately caused by the seller's failure to warn." *Id.* Here, Ms. Smith produced evidence that Mr. Smith never saw any warnings on the packages of the brakes he used. (Doc. 182-1 at 28). Mr. Smith testified that if he had received warnings about the dangers of asbestos and mesothelioma, he would have paid attention to them. (*Id.*). While Honeywell presented evidence challenging the credibility of this testimony, (*see id.* at 22; Doc. 182-2 at 41), that will be for a jury to resolve.

Ms. Smith has produced evidence demonstrating a genuine issue of material fact as to whether Honeywell's warning labels were adequate and as to whether inadequacy of warnings was a proximate cause of Mr. Smith's injury. Therefore, Honeywell's motion for summary judgment on the implied warranty of merchantability claim will be denied.

### B. Punitive Damages

4

Ms. Smith seeks punitive damages, contending that Honeywell's failure to provide an adequate warning and its sale of defective replacement brakes was willful and wanton. Ms. Smith's evidence is insufficient to raise a genuine issue of material fact, and Honeywell's motion for summary judgment will be granted as to punitive damages.

Under North Carolina law, punitive damages may only be awarded if an aggravating factor was present and related to the injury. N.C. Gen. Stat. § 1D-15(a); *Springs v. City of Charlotte*, 222 N.C. App. 132, 136, 730 S.E.2d 803, 805 (2012). The only aggravating factor at issue in this case is willful and wanton conduct, (*see* Doc. 182 at 22), which is defined as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm" and "means more than gross negligence." N.C. Gen. Stat. § 1D-5(7). A general awareness of danger is not enough to establish a conscious disregard of a known duty. *See Lee v. CertainTeed Corp.*, No. 5:13-CV-826-FL, 2015 WL 4526165, at *11 (E.D.N.C. July 27, 2015). In the case of a claim against a corporation, a plaintiff must demonstrate that "the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." N.C. Gen. Stat. § 1D-15(c). The statute does not define "manager," and North Carolina courts use the plain-meaning definition as "one who conducts, directs, or supervises something." *Miller v. B.H.B. Enters., Inc.*, 152 N.C. App. 532, 539-40, 568 S.E.2d 219, 225 (2002) (quotation marks omitted); *Everhart v. O'Charley's Inc.*, 200 N.C. App. 142, 153, 683 S.E.2d 728, 738 (2009) (quotation marks omitted).

5

A plaintiff must prove a claim of punitive damages by clear and convincing evidence. *Cockerham-Ellerbee v. Town of Jonesville*, 190 N.C. App. 150, 151, 660 S.E.2d 178, 179 (2008). To survive summary judgment, a plaintiff must "produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a *prima facie* case at trial." *George v. Greyhound Lines, Inc.*, 210 N.C. App. 388, 392, 708 S.E.2d 201, 205 (2011) (quotation marks omitted).

Here, Ms. Smith has not made a forecast of sufficient evidence of willful and wanton conduct. Bendix provided a warning beginning well before Mr. Smith's use of its brake products, and there is no evidence that Bendix's failure to provide a better warning meets the extremely high standard required under North Carolina law for punitive damages. The internal memos she proffers tend to show a corporation struggling to understand evolving scientific knowledge about asbestos and mesothelioma, (*see* Docs. 182-35 at 7-8; 182-44; 182-48; 182-50), and while they do not suggest Bendix was proactive, neither do these internal communications show an active "concealment or misrepresentation of facts regarding the dangers of asbestos in the brakes." *Yates v. Air & Liquid Sys. Corp.*, No. 5:12-cv-752-FL, 2014 WL 4923603, at *21 (E.D.N.C. Sept. 30, 2014), *reconsidered on other grounds sub nom. Yates v. Ford Motor Co.*, No. 5:12-CV-752-FL, 2015 WL 9222834 (Dec. 17, 2015).[2] Even if Ms. Smith could show willful and

---

[2] *See also Fussman v. Novartis Pharm. Corp.*, No. 1:06–CV–149, 2010 WL 4273195, at *5 (M.D.N.C. Oct. 25, 2010) (finding jury issue where plaintiff forecast evidence purporting to show defendant concealed or misrepresented information about risk factors and clinical trial findings, controlled the flow of information about the link between its drugs and disease, and refused to acknowledge such a link in spite of contrary evidence).

wanton conduct, she produces no facts indicating Bendix managers perpetrated that conduct.

Ms. Smith points to a 1966 letter from Bendix employee E.A. Martin enclosing an article concerning federal regulation of asbestos to someone at Johns Manville in Canada. In that letter, Mr. Martin jokes about trees being a source of contamination, and then comments: "My answer to the problem is: if you have enjoyed a good life while working with asbestos products why not die from it.  There's got to be some cause." (Doc. 182-33 at 2).  Gallows humor in one letter by an employee of unknown responsibilities and with no demonstrated connection to any decision about sales of asbestos-containing products or warnings on such products is insufficient to establish willful and wanton conduct. Accordingly, summary judgment will be granted on the claim for punitive damages.

### C. Fraud

As noted *supra*, Ms. Smith does not oppose Honeywell's motion for summary judgment on the fraud claim, and it will be granted.

### D. Negligent Failure to Warn

Honeywell has moved for summary judgment on two statutory products liability claims grouped in Ms. Smith's amended complaint into the fifth cause of action for failure to warn.  (*See* Doc. 136 at ¶¶ 51-59).  Ms. Smith has made a sufficient forecast of evidence to proceed on her claims under N.C. Gen. Stat. §§ 99B-5 and 99B-6.

### 1.   Claim Based on Inadequate Warning or Instruction

North Carolina law provides that a plaintiff pursuing a claim based on failure to warn must prove "that the manufacturer or seller acted unreasonably in failing to provide

such warning or instruction, that the failure to provide adequate warning or instruction was a proximate cause of the harm for which damages are sought" and either that a dangerous condition existed when the product left the manufacturer's control or that the manufacturer later became aware of a substantial risk and failed to take reasonable action. N.C. Gen. Stat. § 99B-5(a); *Evans v. Evans*, 153 N.C. App. 54, 57-58, 569 S.E.2d 303, 306 (2002). A manufacturer "is under an obligation to provide warnings of any danger associated with the product's use that are sufficiently intelligible and prominent to reach and protect all those who may reasonably be expected to come into contact with the product." *Sparks v. Oxy-Health, LLC*, No. 5:13-CV-649-FL, 2015 WL 5773591, at *22 (E.D.N.C. Sept. 15, 2015) (quoting *Nicholson v. Am. Safety Util. Corp.*, 124 N.C. App. 59, 65, 476 S.E.2d 672, 676 (1996), *aff'd as modified*, 346 N.C. 767, 488 S.E.2d 240 (1997)) (alterations omitted).

As discussed *supra* in connection with the implied warranty claim based on inadequate warnings, Ms. Smith proffered evidence that the warning Bendix placed on its boxes was not sufficiently prominent and did not adequately instruct users of the dangers of asbestos nor of safety measures to mitigate the risk. (*See* Doc. 182 at 23). She has also presented evidence that Bendix knew or should have known that asbestos exposure was dangerous and could result from the sanding or grinding that accompanied installation of its brakes. (Docs. 182-59; 182-44; 182-50). *See also Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 706 (W.D.N.C. 2003) ("Defendant's knowledge, or lack thereof, regarding the potential dangers of its product are indeed relevant to the issues of duty and causation."). Honeywell has not offered undisputed evidence of

8

contributory negligence or any other affirmative defense, and, as noted *supra*, Ms.

Smith's evidence on proximate cause is sufficient to raise a disputed question of material

fact. The motion for summary judgment will be denied as to this claim.

### 2.    Claim Based on Inadequate Design or Formulation[3]

To establish a products liability claim based on inadequate design or formulation

under North Carolina law, a plaintiff must prove that at the time of manufacture, "the

manufacturer acted unreasonably in designing or formulating the product" and "that this

conduct was a proximate cause of the harm for which damages are sought." N.C. Gen.

Stat. § 99B–6(a). Additionally, a plaintiff must prove either: (1) that the manufacturer

unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable

alternative design that could have been reasonably adopted at the time and that would

have prevented or substantially reduced the risk of harm without substantially impairing

the usefulness of the product or (2) that the design of the product was so unreasonable

that a reasonable person, aware of the relevant facts, would not use or consume a product

of this design. N.C. Gen. Stat. § 99B–6(a).

Honeywell asserts that Ms. Smith's design defect claim fails as a matter of law

because she has not made the requisite showing of a feasible alternative design, which

---

[3] While Ms. Smith has captioned her fifth cause of action as a "Failure to Warn," (Doc. 136 at p. 16), she specifically alleges in this section of her amended complaint that Honeywell "fail[ed] to design . . . [its] products in a manner intended to minimize exposure during normal working conditions" and "fail[ed] to recall [its] defective product or manufacture a reasonably safer alternative." (*Id.* at ¶ 54(f), (h)). The parties have treated this aspect of the fifth cause of action as a design defect claim under N.C. Gen. Stat. § 99B–6, though it appears to overlap substantially if not entirely with the first cause of action for negligence.

Honeywell contends must be established by competent expert testimony. (Doc. 164 at 10-11). It does not appear that North Carolina courts require expert testimony to prove defective design.[4] Rather, "N.C. Gen. Stat. § 99B–6(b) provides a list of seven non-exclusive factors to be considered when determining whether a manufacturer acted 'unreasonably.'" *DeWitt v. Eveready Battery Co.*, 144 N.C. App. 143, 154-55, 550 S.E.2d 511, 518-19 (2001), *aff'd,* 355 N.C. 672 (2002). These considerations include "the scope of the risks associated with the product's design in light of the intended and reasonably foreseeable uses, modifications, or alterations; the likely awareness of users of the risks whether that awareness is based on warnings, general knowledge, or otherwise; design compliance with applicable government standards; extent to which labeling conformed to applicable government or private standards; utility of design; feasibility of alternative designs at the time of manufacture; and the nature and magnitude of foreseeable risks." *Sparks*, 2015 WL 5773591, at *16 (internal quotes and alterations omitted). While a plaintiff need not present evidence on all of those factors, "the plaintiff must present substantial evidence the manufacturer 'unreasonably failed' to adopt an alternative design or formulation under section 99B–6(a)(1) or manufactured a product

_____

[4] The cases Honeywell cites in its summary judgment brief do not support its assertion that proof of a feasible, alternative design must be established by competent expert testimony. *See Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471-72, 597 S.E.2d 674, 694 (2004) ("[R]eview of whether Arai failed to adopt a safer, feasible design alternative under N.C.G.S. § 99B-6 is enmeshed with, if not altogether dependent on, the opinions of Howerton's experts."); *Richardson v. Gen. Motors Corp.*, 223 F. Supp. 2d 753, 758 (M.D.N.C. 2002) ("Although Plaintiff's complaint appears to assert claims for design defects, breach of warranty, and failure to warn, Plaintiff does not cite the North Carolina Products Liability Act, N.C. General Statute § 99B–1 *et seq.*, nor does either party address its provisions.").

with a design or formulation 'so unreasonable that a reasonable person' would not use or consume the product under section 99B–6(a)(2)." *DeWitt*, 144 N.C. App. at 155, 550 S.E.2d at 519. While Ms. Smith has not produced evidence on all of the factors relevant to whether Honeywell acted unreasonably in designing its replacement brakes with asbestos, she has made a sufficient forecast of evidence to survive summary judgment.

### III. Conclusion

Honeywell is entitled to summary judgment on Ms. Smith's fraud-based claims and her claim for punitive damages. Otherwise, the motion will be denied.

It is **ORDERED** that the defendant Honeywell International, Inc.'s motion for summary judgment, (Doc. 163), is **GRANTED in part and DENIED in part** as stated herein:

1. Summary judgment in favor of Honeywell is granted as to the plaintiff's claims for punitive damages and for fraud;

2. The plaintiff's claims for negligence, negligent failure to warn, defective design, wrongful death, and breach of implied warranty shall proceed to trial.

This the 4th day of April, 2016.

UNITED STATES DISTRICT JUDGE